**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORDAN AWOYE<br><br>              Plaintiff,<br><br>v.<br><br>JULIA JONES and META PLATFORMS,<br>INC.<br><br>              Defendants. | Civil Action No.: 25-cv-16637<br><br>**OPINION AND ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on defendant Meta Platforms, Inc.'s ("Meta") motion to dismiss Count VII, ECF No. 10, of plaintiff Jordan Awoye's ("Plaintiff") Amended Complaint, ECF No. 4, under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed the motion. ECF No. 12. Also before the Court is Plaintiff's motion for alternative service upon Defendant Julia Jones ("Jones"), ECF No. 15, who has not been served in this matter. Jones opposed the motion. ECF No. 16. The Court decides these motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, both Meta's and Plaintiff's motions are granted.

## I.    META'S MOTION TO DISMISS

**WHEREAS** this case arises out of allegedly defamatory online posts made on Instagram by Defendant Julia Jones. *See generally* ECF No. 4 ("Am. Compl."). Meta controls the online platform Instagram. *Id.* ¶ 30. Plaintiff is the Founder and Managing Principal of Awoye Capital, an independent advisory and wealth-management firm that caters to high-net-worth clients, athletes, entrepreneurs and families. *Id.* ¶¶ 8–9. In one allegedly defamatory post, Jones claimed

that Plaintiff used a forged signature and stole her Social Security number to move her money from one investment firm to another and open an insurance policy. *Id.* ¶¶ 19–23. She also claimed that Plaintiff colluded with an individual who allegedly threatened Jones. *Id.* ¶¶ 20, 24. Jones stated "Say no to Jordan Awoye, to Awoye Capital. He's part of the scamming circle." *Id.* ¶ 26. Another post featured a photo of Plaintiff sitting with a star National Basketball Association player. *Id.* ¶ 16. Jones called it "disgusting" that Plaintiff would be "cozy[ing] up" to athletes and teaching financial literacy. *Id.* She included the "hashtags" #Exposed, #FraudAlert, and #FinancialLiteracyFail. *Id;* and

**WHEREAS** Plaintiff claims that Meta "published and distributed" Jones' "false and defamatory statements" about Plaintiff and that the posts "clearly identified" Plaintiff through photographs. *Id.* ¶ 30. Plaintiff alleges that Meta did this without his consent and that Meta "benefited commercially from the engagement with this content through advertising revenue and user engagement." *Id.* ¶¶ 31–32. Plaintiff filed this suit alleging six counts against Jones and one count against Meta—that Meta violated his right of publicity. *Id.* ¶¶ 96–105. Meta filed the instant motion to dismiss, ECF No. 10, which Plaintiff opposed. ECF No. 12; and

**WHEREAS** to survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In evaluating the sufficiency of a complaint, a court must "draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of 'further factual enhancement,'" will not withstand dismissal. *Iqbal*, 556 U.S. at 678 (citations and brackets omitted); and

**WHEREAS** New Jersey's "right of publicity signifies the right of an individual, especially a public figure or celebrity, to control the commercial value and exploitation of his name and picture or likeness and to prevent others from unfairly appropriating this value for commercial benefit." *McFarland v. Miller*, 14 F.3d 912, 918 (3d Cir. 1994). "To establish a claim for misappropriation of likeness under New Jersey common law, a plaintiff must establish four elements: (1) the defendant appropriated the plaintiff's likeness, (2) without the plaintiff's consent, (3) for the defendant's use or benefit, and (4) damage." *Goddard v. Interserver.net*, No. 25-3883, 2025 WL 1823203, at *3 (D.N.J. July 2, 2025) (quotation omitted). The plaintiff must show, however, that the use of their likeness "was for a predominantly commercial purpose." *Castro v. NYT Television*, 851 A.2d 88, 96 (N.J. Super. App. Div. 2004). "[T]he touchstone of the commercial purpose requirement is whether the publication uses the plaintiff's likeness for the purpose of capitalizing upon the name by using it in connection with a commercial project." *Hart v. Elec. Arts, Inc.*, 740 F. Supp. 2d 658, 667–68 (D.N.J. 2010) (quotation omitted). "In other words, a defendant must be 'seeking to capitalize' on the plaintiff's 'likeness for purposes other than the dissemination of news or information.'" *Goddard*, 2025 WL 1823203, at *4 (quoting *Tellado v. Time-Life Books, Inc.*, 643 F. Supp. 904, 909–10 (D.N.J. 1986)); and

**WHEREAS** Meta seeks to dismiss because Plaintiff has not adequately alleged that it used Plaintiff's likeness for "a predominantly commercial purpose." ECF No. 10-1 at 6–9. The Court agrees. The core of Plaintiff's allegations is that Jones spread allegedly false information about Plaintiff on Instagram. Jones was not selling a product or otherwise soliciting money from her followers. As such, neither was Instagram. *See, e.g.*, *Hart*, 740 F. Supp. 2d at 668 (finding commercial purpose requirement not met because "Plaintiff would have to allege that Defendant

3

used his likeness to increase its sales"). Jones' posts were the "dissemination of news or information" and not made for a commercial purpose. *Goddard*, 2025 WL 1823203, at *4; and

**WHEREAS** Plaintiff attempts to account for this by alleging that Meta used Plaintiff's "identity for its advantage, commercially or otherwise" and that it "benefited commercially from the engagement with [Jones'] content through advertising revenue and user engagement." Am. Compl. ¶¶ 99–100. Plaintiff further contends "that Meta's entire business practice is designed to capitalize on user-generated content through advertising revenue." ECF No. 12 at 5. This is unavailing. Meta's purported "use" of Plaintiff's likeness as pled appears incidental, not intentional, as it was Jones who posted the allegedly defamatory information. Indeed, "[n]ot every use of one's image or likeness by a [media defendant] is considered a 'commercial use,' since otherwise almost any publication of a name or likeness would be misappropriation." *Liebholz v. Harriri*, No. 05-5148, 2006 WL 2023186, at *4 (D.N.J. July 12, 2006); *see also Castro*, 851 A.2d at 97 ("The fact that the defendant is engaged in the business of publication . . . out of which he makes or seeks to make a profit, is not enough to make the incidental publication a commercial use of the name or likeness." (quoting Restatement (Second) of Torts, § 652C comment d (1977))). Plaintiff has failed to state a claim because he has not alleged that Meta used his likeness to increase sales for a specific product or commercial project, *Hart*, 740 F. Supp. 2d at 668, or that his likeness was used for a "specific promotional purpose." *Castro*, 851 A.2d at 98; *see also D'Ambrosio v. Rajala*, 783 F. Supp. 3d 1077, 1088 (N.D. Ill. 2025) (dismissing Illinois statutory right to publicity claim because allegations that "a third-party post . . . drove user engagement and therefore Meta's advertising revenue" did "not equate to Meta using [Plaintiff]'s identity" for a commercial

purpose).  Meta's motion to dismiss Count VII of Plaintiff's Amended Complaint is granted without prejudice to amend.[1]

## II.   PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

**WHEREAS** Plaintiff asserts Counts I–VI in his Amended Complaint against Defendant Jones, who has yet to be served in this matter.  *See* Am. Compl.  On March 16, 2026, the Court issued a Notice of Call for Dismissal pursuant to Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to serve Defendant Jones within 90 days of filing his initial complaint.  ECF No. 14.  Thereafter, Plaintiff filed the instant motion for alternative service, ECF No. 15, which Defendant Jones opposed.  ECF No. 16.  Plaintiff's counsel included a declaration stating that a process server attempted to serve Defendant Jones on five separate occasions within 90 days of Plaintiff filing his initial complaint.  ECF No. 15-1.  Additionally, Defendant Jones states that "she has no problem accepting service in this matter if properly executed."  ECF No. 16-1 at 4; and

**WHEREAS** under Rule 4(m) "if the plaintiff shows good cause for the failure [to serve within 90 days], the court must extend the time for service for an appropriate period."  In determining whether Plaintiff has shown good cause, courts consider the "(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve."  *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).  Plaintiff has shown good cause here.  First, he reasonably attempted to serve Defendant Jones at her home on five separate occasions.  Second, Defendant Jones is not prejudiced by extending Plaintiff's time to serve because she stated she has "no problem accepting service" and has not otherwise raised sufficient grounds of prejudice given the lack of timely service.  Third, although Plaintiff did not file a motion for alternative service

---

[1] Because the Court dismisses the claim under Rule 12(b)(6) it does not address Meta's argument that the claim should be dismissed under 47 U.S.C. § 230(c)(1).

until five months after filing his initial complaint, Plaintiff's failure to move sooner "is not by itself fatal to a plaintiff's efforts to establish good cause." *Jones v. Pi Kappa Alpha Int'l Fraternity, Inc.*, No. 16-7720, 2017 WL 4074284, at *5 (D.N.J. Sept. 14, 2017). Accordingly, for good cause shown, Plaintiff's time to serve Defendant Jones is extended to sixty (60) days from the entry of the Order herein. Finally, the Court notes that under New Jersey Rule of Court 4:4-3(a) "[i]f personal service cannot be effected after a reasonable and good faith attempt . . . service may be made by mailing a copy of the summons and complaint by registered or certified mail." *See also* Fed. R. Civ. P. 4(e)(1) (permitting service by "following state law for serving a summons . . . in the state where the district court is located"). The motion at ECF No. 15 is granted.

Accordingly, **IT IS** on this 26th day of June, 2026,

**ORDERED** that Defendant's motion to dismiss (ECF No. 10) is **GRANTED** and Count VII of the Amended Complaint (ECF No. 4) is dismissed without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Opinion and Order to submit an amended complaint that addresses the deficiencies identified in this Opinion. Insofar as Plaintiff submits a further amended complaint, he shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15(a)(2); and it is further

**ORDERED** that Plaintiff's motion for alternative service (ECF No. 15) is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall serve Defendant Jones within sixty (60) days of this Order and that Plaintiff shall file proof of service on the docket within seven (7) days of effecting service upon Defendant Jones.

6

**SO ORDERED**.

*s/ Claire C. Cecchi*

_____
**CLAIRE C. CECCHI, U.S.D.J.**