**Julia Jones**, *Defendant*
320 Adolphus Ave #512
Cliffside Park, NJ, 07010
Email: jul.j @ me .com
Tel: (917) 828-1904

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Jordan Awoye

Plaintiff,

v.

JULIA JONES and META PLATFORMS, INC.,
Defendants,

**CIVIL ACTION:
2:25-cv-16637-CCC-JSA**

## DEFENDANT JULIA JONES' MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 26, 2026 OPINION AND ORDER (ECF 18)

PLEASE TAKE NOTICE Defendant Julia Jones appears specifically and solely for the purpose of opposing Plaintiff's Motion for Service by Publication. Defendant does not waive, and expressly preserves, all defenses, including but not limited to insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) and lack of personal jurisdiction under Rule 12(b)(2). Defendant respectfully submits this Motion for Reconsideration of the Court's June 26, 2026 Opinion and Order. **(ECF 18)**

1

## I. PRELIMINARY STATEMENT

Defendant Julia Jones respectfully moves for reconsideration of the Court's June 26, 2026 Opinion and Order granting Plaintiff's Motion for Alternative service and extending Plaintiff's time to effect service under Federal Rule of Civil Procedure 4(m). **(ECF 18)**

The Court concluded Plaintiff demonstrated good cause for an extension of time to effect service and further concluded Defendant was not prejudiced because Defendant indicated she had no objection to accepting service if properly executed.

Respectfully, Defendant submits that the Court overlooked material documentary evidence that directly contradicts the factual representations contained within Plaintiff's Affidavit of Non-Service. The Court also overlooked Plaintiff's approximately five-month delay in seeking alternative service despite knowing Defendant's address, having attempted service at that address, and receiving direct communication from Defendant during that period.

Plaintiff sought alternative service only after the Court issued its Notice of Call for Dismissal pursuant to Rule 4(m). That delay demonstrates a lack of diligence inconsistent with a finding of good cause.

## II. SUMMARY OF ARGUMENT

Plaintiff's request for an extension should be reconsidered for four independent reasons.

**First,** Plaintiff relied upon an Affidavit of Non-Service that is contradicted by Defendant's contemporaneous documentary evidence. The process server represents the condominium front desk contacted Defendant on October 25 at 7:36 am, October 29 at 7:41pm, and November 1 at

2

10 am, Defendant's telephone records do not reflect any incoming or missed calls from the condominium front desk on those dates..

**Second,** Plaintiff failed to exercise reasonable diligence. Although the alleged service attempts occurred during October and November 2025, and the email contact in October of 2025, Plaintiff waited approximately five months before requesting alternative service and only did so after the Court issued its Notice of Call for Dismissal. (ECF 14)

**Third,** Defendant suffered prejudice from Plaintiff's delay. Plaintiff's lack of diligence permitted the litigation to remain pending without timely prosecution while imposing continuing practical, financial, and reputational burdens upon Defendant.

**Finally,** the Court's finding of good cause was based upon a factual record that did not account for Defendant's documentary evidence. Had those facts been fully considered, Defendant respectfully submits the Court may have reached a different conclusion.

### III. LEGAL STANDARD

A motion of reconsideration is appropriate where the Court has overlooked controlling law or material facts that, if considered, might reasonably have resulted in a different decision. Reconsideration also serves to correct a clear error of law or fact to prevent manifest injustice. Under Federal Rule of Civil Procedure 4(m) requires service within ninety days after a complaint is filed. If service is not completed within that period, the Court must dismiss the action without prejudice or order service within a specified time unless the plaintiff demonstrates good cause. In determining whether good cause exists, courts within the Third Circuit consider, among other factors:

- The reasonableness of the plaintiff's efforts to effect service;

3

• Whether the defendant suffered prejudice from the delay: and

• Whether the plaintiff acted diligently in seeking additional time to complete service.

Because the burden rests upon the plaintiff to establish good cause, unexplained delay and lack of diligence weigh against granting an extension.

## IV. ARGUMENT

### A. THE COURT OVERLOOKED MATERIAL FACTS CONTRADICTING PLAINTIFF'S AFFIDAVIT OF NON-SERVICE

Plaintiff's motion relied upon the Affidavit of Non-Service executed by the process server. Plaintiff represented that the condominium front desk contacted Defendant on October 24, at 2:30 pm, October 25 at 7:36 am, October 29 at 7:41 pm, November 1 at 10 am. Defendant's documentary evidence directly contradicts those representations.

On October 21, 2025, while Defendant was away from her residence, Defendant's mother notified Defendant she viewed on camera an individual was standing outside Defendant's door. That individual bypassed the front desk and proceeded directly to Defendant's residence.

On October 24, at approximately 2:31pm, Defendant received a telephone call from the condominium front desk. Defendant advised the front desk that she was not home. Defendant's telephone records reflect this call.

However, Defendant's call records do not reflect any incoming telephone calls from the condominium front desk on October 25 at 2:30 pm, October 29 at 7:41pm, or November 1 at 10 am, despite the process server's sworn representation that those calls occurred.

Accordingly, Defendant's documentary evidence establishes only two relevant events:

4

1. The October 21 appearance outside Defendant's residence without first reporting to the front desk; and

2. The documented October 24 telephone call.

The remaining alleged calls are unsupported by Defendant's contemporaneous telephone records.

These discrepancies are material because they directly affect Plaintiff's showing of diligence.

## B.  PLAINTIFF FAILED TO EXERCISE REASONABLE DILIGENCE

Plaintiff waited approximately five months before seeking alternative service despite knowing where Defendant resided and despite having received email communication by Defendant shortly after the alleged service attempts.

Despite having direct communication with Defendant, Plaintiff still failed to seek alternative service until after the Court issued its Notice of Call for Dismissal. **(ECF 14)**

Plaintiff's actions demonstrate that there was no genuine urgency to prosecute this matter. Rather than promptly seeking relief from the Court, Plaintiff allowed the litigation to remain pending while taking no meaningful action until dismissal became imminent.

This lack of diligence weighs against a finding of good cause.

## C.  DEFENDANT SUFFERED PREJUDICE

The Court concluded Defendant was not prejudiced because Defendant stated she had no objection to accepting service if properly executed.

Respectfully, Defendant submits that the prejudice extends beyond the mechanics of service.

Plaintiff's delay prolonged uncertainty, required Defendant to monitor ongoing litigation without timely prosecution, preserve evidence, prepare responses, and remain subject to unresolved federal litigation for several additional months,

The delay also imposed continuing practical, financial, and reputational burdens that would not have existed had Plaintiff diligently pursued service or timely sought relief under Rule 4(m). The prejudice suffered by Defendant arose from Plaintiff's prolonged failure to prosecute the case, not from Defendant's willingness to accept proper service.

## D.  PLAINTIFF'S LACK OF DILIGENCE DOES NOT CONSTITUTE GOOD CAUSE

Good cause requires reasonable diligence.

Here, Plaintiff:

- Waited approximately five months before seeking alternative service;

- Possessed Defendant's address throughout the litigation;

- Received communication from Defendant after the alleged attempts;

- Nevertheless waited until after the Court issued its Rule 4(m) Notice of Call for Dismissal before requesting relief.

These facts weigh against a finding of good cause.

## V. PRAYER FOR RELIEF

WHEREFORE, Defendant Julia Jones respectfully requests this Honorable Court enter an Order:

- Granting Defendant's Motion for Reconsideration;

- Vacating the June 26, 2026 Opinion and Order granting Plaintiff additional time to effect service;

- Denying Plaintiff's Motion for Alternative Service;

- Alternatively, conducting an evidentiary hearing regarding the disputed factual assertions contained in Plaintiff's Affidavit of Non-Service and Defendant's documentary evidence; and

- Grant such other and further relief as the Court deems just and proper.

6

## **RESERVATION OF RIGHTS**

Defendant expressly appears for the limited purpose of opposing this motion and does not waive, and affirmatively preserves, all defenses, including lack of personal jurisdiction and insufficient service of process.

To the extent this filling is construed as a general appearance, Defendant expressly objects and preserves all jurisdictional defenses.

Respectfully submitted,

Dated: June 26, 2026

Julia Jones, *Defendant*
320 Adolphus Ave., Unit 512
Cliffside Park, New Jersey 07010
Email: jul.j @ me. com
Tel: (917) 828-1904

7

**Julia Jones**, *Defendant*
320 Adolphus Ave Unit 512
Cliffside Park, NJ, 07010
Email: jul.j @ me .com
Tel: (917) 828-1904

## CERTIFICATE OF SERVICE

I, Julia Jones, certify on this 26th day of June 2026, I served a true and correct copy of the

following documents :

- Defendants' Motion for Reconsideration of the Court's June 26, 2026 Opinion and Order;

- Exhibits to

- Certification of Service in Support of the motion.

- Exhibits

- Proposed Order

All documents are to be served upon counsel who have appeared of record via New Jersey

eCourts.

8

I certify that the foregoing statements made by me are true. I am aware that is any of them are willfully false, I am subject to punishment.

Julia Jones, Defendant
320 Adolphus Ave #512
Cliffside Park, NJ, 07010
Email: jul.j @ me .com
Tel: (917) 828-1904

Dated: June 26, 2026

9

**Julia Jones**, Defendant
320 Adolphus Ave #512
Cliffside Park, NJ, 07010
Email: jul.j @ me .com
Tel: (917) 828-1904

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

JORDAN AWOYE

Plaintiff,

v.

JULIA JONES AND META PLATFORMS, INC.,
Defendants,

**CIVIL ACTION:**
**2:25-cv-16637-CCC-JSA**

**[PROPOSED] ORDER**

## [PROPOSED] ORDER

**THIS MATTER** having been brought before the Court by Defendant Julia Jones, on an **Motion for Reconsideration of the Court's June 26, 2026 Opinion and Order granting Plaintiff's Motion for Alternative Service (ECF No. 18)** and

the Court having reviewed the submissions and good cause appearing;

**IT IS** on this_____ day of _____, 2026 **ORDERED** as follows:

1. **ORDERED** that Defendant Julia Jones' Motion for Reconsideration is **GRANTED**; and it is

   further

10

2. **ORDERED** that the Court's June 26, 2026 Opinion and Order granting Plaintiff's Motion for Alternative Service is **VACATED**; and it is further

3. **ORDERED** that Plaintiff's Motion for Alternative Service is **DENIED;** and it is further

4. **ORDERED**, in the alternative, that an evidentiary hearing shall be conducted regarding the disputed factual issues concerning Plaintiff's service attempts and the evidence submitted by Defendant; and it is further

5. **ORDERED** that the court grant such relief as it deems just and proper.

HON._____

(  ) Opposed

(  ) Unopposed

11